IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.U.P.A.T. DISTRICT COUNCIL #57 COMBINED FUNDS on behalf of the TRUSTEES OF THE I.U.P.A.T. WELFARE FUND OF WESTERN PA AND THE I.U.P.A.T. WESTERN PA ANNUITY FUND AND THE INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL #57, <br><br>Plaintiff, <br><br>v. <br><br>RICHARD D. STUMME and DONNA L. STUMME individually and t/d/b/a RICK STUMME PAINTING and CEILING PRO OF IRWIN, INC., <br><br>Defendants. | Civil Action No. 05-0107 <br><br>Judge Gary L. Lancaster <br>Magistrate Judge Lisa Pupo Lenihan <br><br>Docket No. 8 |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (Docket No. 8) filed by Defendants should be denied.

### II. REPORT

On or about January 28, 2005, Plaintiff filed the instant action on behalf of the trustees, participants, and beneficiaries of the I.U.P.A.T. District Council #57 Combined Funds, seeking collection of delinquent contributions allegedly owed and equitable relief pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the

Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §141 *et seq.*[1] In particular, Plaintiff contends the Defendants, Richard and Donna Stumme, failed to pay fringe benefit contributions and wage deductions to Plaintiff, on behalf of the employees of their businesses, Rick Stumme Painting and Ceiling Pro of Irwin, Inc., in violation of a certain collective bargaining agreement entered into with I.U.P.A.T. District Council #57 and/or its affiliated local unions, employee organizations ("Union").

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185(c) and 1132(e)(1). Venue in this District is proper under 29 U.S.C. §§ 185(a) and 1132(e)(2).

In their motion to dismiss, Defendants contend the Complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6) in three respects: (1) as against Donna L. Stumme; (2) with regard to the request for injunctive relief; and (3) regarding the request for audit fees. For the reasons set forth below, the Court finds that at this stage of the litigation, the Complaint does aver sufficient facts in support of the claim against Donna Stumme, and claims for injunctive relief and audit fees to survive a motion to dismiss. Therefore, the Court recommends that Defendants' motion to dismiss be denied.

    A.    **Motion to Dismiss  - Standard of Review**

In ruling on a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is required to accept as true all allegations made in the complaint and all reasonable

---

[1] The Complaint filed by Plaintiff sets forth two causes of action: (1) ERISA collection action, and (2) an alter ego/successor claim.

inferences that can be drawn therefrom, and to view them in the light most favorable to the plaintiff.[2] *See Blaw Knox Ret. Income Plan v. White Consol. Indus. Inc.*, 998 F.2d 1185, 1188 (3d Cir. 1993); *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 871 (3d Cir. 1992). The issue is not whether the plaintiff will ultimately prevail, but rather whether "plaintiff can prove any set of facts consistent with the averments of the complaint which would show the plaintiff is entitled to relief." *See Gaines v. Krawczyk,* 354 F.Supp. 2d 573, 576 (W.D.Pa. 2004) (citing *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir. 1994)). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *See Port Auth. of New York and New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999) (quoting *Alexander v. Whitman*, 114 F.3d 1392, 1397 (3d Cir. 1997)); *see also Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Langford v. City of Atlantic City,* 235 F.3d 845, 847 (3d Cir. 2000). Thus, under this standard, a complaint will withstand a motion to dismiss if it gives the defendant adequate notice of the essential elements of a cause of action. *Gaines,* 354 F.Supp. 2d at 576 (citing *Nami v. Fauver,* 82 F.3d 63, 66 (3d Cir. 1996)).

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents.

---

[2]Nonetheless, a court is not required to credit bald assertions or legal conclusions in a complaint when deciding a motion to dismiss. *Gaines v. Krawczyk,* 354 F.Supp. 2d 573, 576 (W.D.Pa. 2004) (citing *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997)). Consistently, the courts have rejected "'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law' or 'sweeping legal conclusions cast in the form of factual allegations'"[,] in deciding a motion to dismiss pursuant to Rule 12(b)(6). *Id.* (citing *Morse,* 132 F.3d at 906 n. 8 (citing Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1357 (2d ed. 1997)); *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993)).

*Id.* (citations omitted). A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

>     **B.**     **Facts and Procedural History**

The relevant facts, viewed in the light most favorable to Plaintiff, are stated as follows. Plaintiff is the I.U.P.A.T. District Council #57 Combined Funds ("Funds"), on behalf of the Boards of Trustees of the I.U.P.A.T. Welfare Fund of Western Pennsylvania and the I..U.P.A.T. Western Pennsylvania Annuity Fund, and the International Brotherhood of Painters and Allied Trades District Council #57. (Compl. ¶ 1.) The Funds, which constitute employee benefit plans within the meaning of ERISA, 29 U.S.C. §§ 1002(1), (2), (3), (21) and 1132, have brought this action on behalf of the trustees, participants, and beneficiaries of such Funds. (Compl. ¶ 3.) The trustees of the Funds have designated the I.U.P.A.T. District Council #57 Combined Funds at their agent for collection of contributions and wage deductions payable to such Funds. (Compl. ¶ 4.) The Funds conduct business through Central Data Services, Inc., located in Pittsburgh, Pennsylvania. (Compl. ¶ 1.)

The Defendants are Donna L. Stumme and Richard D. Stumme, husband and wife, who are alleged to own and operate the Defendant business entities, Rick Stumme Painting and Ceiling Pro of Irwin, Inc. ("Ceiling Pro"). (Compl. ¶¶ 6-11.) Plaintiff contends that the Defendant business entities operated a painting company in or about Western Pennsylvania, with principal offices located in Jeannette, Pennsylvania. (Compl. ¶ 5.) The Complaint alleges that Defendants Donna and Richard Stumme are the owners and managing principals of Rick Stumme Painting. (Compl. ¶ 9.) The Complaint further alleges that Defendant Donna Stumme is the President and a shareholder of Ceiling Pro, and that Defendant Richard Stumme has provided management input and

assistance to Ceiling Pro. (Compl. ¶¶ 7-8.) In support of these allegations, the Complaint sets forth various responsibilities undertaken by Defendants Donna and Richard Stumme that indicate they have the authority and capacity to act on behalf of the Defendant business entities. (Compl. ¶¶ 10-11.)

In addition, the Complaint alleges that on May 28, 2002, Defendant Rick Stumme Painting entered into a labor agreement ("Agreement") with the Union. (Compl. ¶ 15.) The Complaint further alleges that pursuant to the Agreement, Defendant Rick Stumme Painting was obligated to submit certain monthly payments to Plaintiff for pension, annuity, wage deductions and other employee benefits covered by the Agreement. (Compl. ¶ 16.) It is further alleged that Defendant Ceiling Pro never signed a labor agreement with the Union and that beginning in 2004, Defendants began to divert painting work that had been traditionally assigned to Defendant Rick Stumme Painting, a union company, to Defendant Ceiling Pro, a non-union company. (Compl. ¶¶ 13-14.)

The Complaint further alleges that Ceiling Pro is the alter ego and/or successor of Rick Stumme Painting, and in support of this allegation, sets forth conduct engaged in by Rick Stumme Painting and Ceiling Pro which it claims is indicative of the alter ego/successor relationship between the two business entities. (Compl. ¶¶ 18-21.)

Beginning in November 2004, Plaintiff contends that Defendant Rick Stumme Painting has failed to submit payments for fringe benefits and wage deductions owed to the Funds for work performed by covered employees during the effective dates of its Agreement. (Complt. ¶¶ 23-25.) In addition to the delinquent contributions, Plaintiff claims that under ERISA and the Funds' applicable trust agreements, Defendant Rick Stumme Painting is also obligated to the Funds for

reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency.[3]  (Compl. ¶ 26.)

Plaintiff Funds also contends that it is without an adequate remedy at law, and that it will suffer immediate, continuing and irreparable injury unless Defendant Rick Stumme Painting is ordered to specifically perform in accordance with ERISA and the Agreement, and is restrained from continuing to refuse to perform as required under law and contract.  (Compl. ¶ 27.)

In its claim for relief, Plaintiff requests issuance of a permanent injunction after a hearing enjoining Defendant Rick Stumme Painting from violating the terms of its Agreement and the Funds' trust agreements; a money judgment in the amount of the delinquent contributions plus interest, attorneys' fees, filing fees and costs, including audit fees; an audit of Defendant Rick Stumme Painting's records pertaining to the hours worked by the covered employees to verify the accuracy of the amounts paid and/or due and owing to the Funds; and, an order directing Defendant Rick Stumme Painting to file monthly transmittal reports covering its operations.  (Compl., wherefore clause following ¶ 27, subparagraghs a - k.)

Plaintiff also seeks similar relief against Defendant Ceiling Pro, in particular, a preliminary and/or permanent injunction: (1) enjoining Defendant Ceiling Pro from violating the terms of the Agreement and the Funds trust agreements, (2) directing it to make immediate payment of all past due amounts and timely payments of all monies that become due and owing to Plaintiff pursuant to the agreements, (3) enjoining Ceiling Pro from disposing of assets, (4) requiring Ceiling Pro to file complete and accurate remittance reports with Plaintiff covering all aspects of its business operations from January 1, 2004 to present, and (5) requiring Ceiling Pro to submit itself for audit, inspection

---

[3]In Count II of the Complaint, Plaintiff avers that Defendant Ceiling Pro is also bound by the Agreement and/or liable for the delinquent contributions due and owing Plaintiff because it is the alter ego/successor of Rick Stumme Painting.  (Compl. ¶ 29.)

and/or copying of all payroll, unemployment compensation, tax and other records pertaining to hours worked by its covered employees to verify the accuracy of the amounts paid and/or due and owing. (Compl., wherefore clause following ¶ 29, subparagraphs (a) - (c).)   In addition, Plaintiff seeks a monetary judgment against Ceiling Pro for the amounts determined to be due and owing under the agreements, plus liquidated damages, attorneys' fees, and costs of suit.  (Compl., ¶ (d) of wherefore clause following ¶ 29.)

In response to the Complaint filed by Plaintiff, Defendants filed a motion to dismiss and supporting brief.  Plaintiff filed a Brief in opposition to Defendants' motion to dismiss.  The motion to dismiss is now ripe for determination.

**C.     Analysis**

Federal Rule of Civil Procedure 8(a) provides that the complaint shall contain:

> (1)    a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it,
> (2)    a short and plain statement of the claim showing that the pleader is entitled to relief, and
> (3)    a demand for judgment for the relief the pleader seeks.

With regard to Rule 8(a)(2), all that is required is a statement that "'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson,* 355 U.S. at 47-48) (other citation omitted).

With this precept in mind, the Court will address *seriatim* the claims that Defendants argue should be dismissed.

7

      **1.**    **Claim Against Donna Stumme**

The thrust of Defendants' argument in support of dismissing the Complaint against Donna Stumme rests on their contention that Donna Stumme is neither an owner nor a managing principal of Rick Stumme Painting. Defendants dispute Donna Stumme's status based on a web page maintained by the Pennsylvania Department of State reflecting that Rick Stumme Painting is a fictitious name, which lists Rick Stumme as the owner of *the fictitious name* Rick Stumme Painting. (Ex. A attached to Defendant's Motion to Dismiss.) (emphasis added)

Although the web page may be considered a public record, and therefore attachment of same to the motion to dismiss does not convert it to a motion for summary judgment, Defendants have not demonstrated that Donna Stumme is not an owner and/or principal manager of Rick Stumme Painting. The fictitious name registration does not establish the type of business entity (e.g., sole proprietorship, partnership, corporation, or limited liability company) Rick Stumme Painting was organized and/or formed as, nor does it indicate who the principals of that business entity are. On the other hand, the Complaint avers that Donna Stumme is an owner and/or managing principal of Rick Stumme Painting and sets forth certain actions that she is alleged to have taken on behalf of Rick Stumme Painting and/or Ceiling Pro. Those allegations must be accepted as true for purposes of the motion to dismiss. At best, Defendants have raised an issue of material fact with regard to the ownership of Rick Stumme Painting, which cannot be resolved in a motion to dismiss. Plaintiff should be allowed to develop evidence during discovery as to the ownership of, and/or Donna Stumme's business relationship to, Rick Stumme Painting.[4]

---

[4] In its brief in opposition to the motion to dismiss, Plaintiff avers that the Complaint alleges that Donna Stumme and Richard Stumme are business partners in Rick Stumme Painting, and because Rick Stumme Painting is a partnership, Plaintiff need not have alleged a basis for piercing the corporate veil. However, the Court does not

Accordingly, because the public record submitted by Defendants does not establish ownership of Rick Stumme Painting, and at best, creates a material issue of fact with regard to Donna Stumme's status as owner and/or managing principal of Rick Stumme Painting, Defendants' motion to dismiss the Complaint against Donna Stumme should be denied.  Defendants may pursue this argument, however, once discovery has been completed in a motion for summary judgment.

### 2. Claim for Injunctive Relief

Defendants argue that Plaintiff's claim for injunctive relief should be dismissed on several bases: (1) the allegations in the Complaint relate to acts and/or omissions of Rick Stumme Painting only; (2) Plaintiff can be made whole by a monetary award; (3) the request for injunctive relief is based on "vague and utterly unexplained" allegations, and is belied by the allegations in the Complaint when read as a whole; and (4) the Complaint does not specifically allege that the continued viability of the Funds has been jeopardized or significantly impacted by the alleged failure to make contributions.  The Court finds no merit to Defendants' argument.

ERISA authorizes both monetary and injunctive relief for violations of Section 1145.[5]  In particular, Section 1132 provides in relevant part:

> A civil action may be brought–
>   (1) by a participant or beneficiary–
>     . . .

---

find any allegations in the Complaint that indicate that Rick Stumme Painting is a partnership.  This is a conclusion that can best be drawn after discovery.

[5] Section 1145 provides:
> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

29 U.S.C. § 1145.

> (B) to recover benefits due to him under the terms of his plan, to enforce rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> . . .
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violated any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. §§ 1132(a)(1) and (3). Section 1132 further provides:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
> . . .
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce *section 1145* of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
>
>> (A) the unpaid contributions,
>> (B) interest on the unpaid contributions,
>> (C) an amount equal to the greater of–
>>
>>> (i) interest on the unpaid contributions, or
>>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Indeed, courts have routinely awarded both monetary and equitable relief in collection actions brought pursuant to Section 1132. *See, e.g., Combs v. Hawk Contracting, Inc.,* 543 F.Supp. 825, 830 (W.D.Pa. 1982); *Connors v. Shannopin Mining Co.,* 675 F.Supp. 986, 991 (W.D.Pa. 1987); *Hotel Employees and Restaurant Employees Int'l Union Welfare/Pension Funds v. Caucus Club, Inc.,* 754 F.Supp. 539, 546 (E.D.Mich. 1991); *IBEW Local No. 910 Welfare, Annuity, and Pension Funds v. Dexelectrics, Inc.,* 98 F.Supp.2d 265, 277 (N.D.N.Y. 2000); *Int'l Painters and Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.,* 239 F.Supp.2d 26, 33 (D.D.C. 2002).

ERISA does not provide specific procedures governing the issuance of injunctive relief; therefore, courts must determine the right to injunctive relief under traditional standards. *Gould v. Lambert Excavating, Inc.,* 810 F.2d 1214, 1217 (7th Cir. 1989) (citations omitted). This requires courts to determine whether the complaint on its face alleges a sufficient basis for equitable relief. *Pine Township Citizens' Ass'n v. Arnold,* 453 F.Supp. 594, 598 (W.D.Pa. 1978) (citing *Chlystek v. Kane,* 540 F.2d 171, 174 (3d Cir. 1976)). In other words, the usual prerequisites for equitable relief of irreparable harm and an inadequate remedy at law must be established.[6] *Id.* (citation omitted). Moreover, specific allegations of irreparable harm and inadequate remedy at law are not required if the totality of the allegations in the complaint show that irreparable harm and inadequate remedy at law would be the result of the acts complained of. *Id.* (citations omitted). Thus, the court is duty-bound to examine the complaint for substantive allegations that would support a claim for injunctive

---

[6]The concepts of irreparable harm and an inadequate remedy at law have often been held indistinguishable, as irreparable harm is the major basis for demonstrating an inadequate remedy at law. *Pine Township Citizens' Ass'n,* 453 F.Supp. at 598 (citing *Lewis v. Baune,* 534 F.2d 1115, 1124 (5th Cir. 1976)).

relief, and not to rely solely upon the prayer for relief. *Id.* (citing *Majuri v. United States,* 431 F.2d 469 (3d Cir. 1970)).

Upon careful review of the Complaint in this case, the Court concludes that Plaintiff has alleged facts which would support a claim for injunctive relief against both Rick Stumme Painting and Ceiling Pro.[7]  The Complaint alleges that there has been a lapse of payments into the Funds. (Compl. ¶¶ 22-25, 27.)  In this circuit, the courts have recognized a lapse of payments into employee trust funds as an irreparable injury.  *Connors v. Shannopin Mining Co.,* 675 F.Supp. at 988 (citing *United Steelworkers of America v. Fort Pitt Steel Casting,* 598 F.2d 1273 (3d Cir. 1979); *Shultz v. Teledyne, Inc.,* 657 F.Supp. 289, 293 (W.D.Pa. 1987)); *Combs v. Hawk Contracting, Inc.,* 543 F.Supp. at 829-30 (holding that a lapse in payments alone represents a significant harm). Accordingly, the Court finds that the allegations in the Complaint taken as a whole allege a sufficient basis for equitable relief.

Therefore, it is recommended that Defendants' motion to dismiss Plaintiff's claim for injunctive relief be denied.

### 3. Claim for Audit Costs

In support of their argument that Plaintiff's request for audit costs should be dismissed, Defendants submit that Plaintiff fails to assert any basis under the pertinent labor agreement for the collection of audit costs.  Defendants further submit that the costs and/or fees potentially awardable in the circumstances presented here, as enumerated in 29 U.S.C. § 1132(g)(2) do not specifically include audit costs.  The Court finds no merit to either argument.

---

[7]Ceiling Pro is alleged to be the alter ego/successor of Rick Stumme Painting, and the allegations supporting injunctive relief against Rick Stumme Painting have been incorporated by reference against Ceiling Pro. (Compl. ¶¶ 28-29.)

A review of the allegations in the Complaint reveals a statement to the effect that the Agreement between Defendant Rick Stumme Painting and the Union requires Rick Stumme Painting to, *inter alia,* furnish monthly reports showing the hours worked and the gross wages paid with respect to which the amounts due for pension, annuity, wage deductions, and other employee benefits are calculated. (Compl. ¶¶ 16, 22.) The Complaint further alleges that under the Agreement, Rick Stumme Painting must permit the Funds to conduct an inspection of or copy all records of hours worked to verify the accuracy of amounts paid and/or owing to the Funds since the last audit was conducted. (Compl. ¶ (c) of wherefore clause following ¶ 27.)

It is clear that auditing fees have been awarded as costs by the courts under section 1132(g)(2) for collection actions under Section 1145. *See, e.g., Sheet Metal Workers Local 19 v. Keystone Heating and Air Conditioning,* 934 F.2d 35, 41 (3d Cir. 1991); *McCurdy v. Net Construction, Inc.,* 149 F.Supp.2d 191, 192-93 (E.D.Pa. 2001) (citation omitted); *Central Pa. Teamsters Health & Welfare Fund v. Scranton Bldg. Block Co.,* 882 F.Supp. 1542, 1545 (E.D.Pa. 1995). In addition to statutory authorization, most of the decisions awarding costs of auditing fees involved collective bargaining agreements that contained a provision requiring such costs be paid by the employer. *See McCurdy,* 149 F.Supp.2d at 192-93; *Bricklayers' Local Union No. 8 Pension Fund v. Masonary Contractors, Inc.,* 721 F.2d 326, 327 (11th Cir. 1983). Although it is unclear from the Complaint whether the Agreement in this case contains a similar provision, that is a factual issue which should be developed during discovery and not decided on a motion to dismiss.

Accordingly, because Defendants have failed to show that Plaintiff cannot recover under any set of facts on its claim for auditing costs, Defendants' motion to dismiss this claim should be denied.

**III.    CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed by Defendants be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: July 29, 2005                                    By the Court:


    s/ Lisa Pupo Lenihan
LISA PUPO LENIHAN
U.S. MAGISTRATE JUDGE

cc:   Judge Gary L. Lancaster
      United States District Court

      Jeffrey J. Leech, Esquire
      Neil J. Gregorio, Esquire
      Tucker Arensberg, P.C.
      1500 One PPG Place
      Pittsburgh, PA 15222

      Robert J. Blumling, Esquire
      Michael D. Klein, Esquire
      Blumling & Gusky, LLP
      1200 Koppers Building
      Pittsburgh, PA 15219